UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
    STEVEN L. GREENBERG                 :

                           Plaintiff,     :    **REPORT AND**
                                      :    **RECOMMENDATION**
    - against -                 :
                                      :    09 Civ. 2281(SCR)(PED)
THE TOWN OF SCARSDALE et al.,     :

                          Defendants.   :
------------------------------------------------------------x

TO:    THE HONORABLE STEPHEN C. ROBINSON,
         UNITED STATES DISTRICT JUDGE

**INTRODUCTION**

        Plaintiff Steven L. Greenberg ("Plaintiff"), proceeding *pro se*[1], brings this action under 42 U.S.C. Section 1983, the New York State Constitution, and New York State Real Property Tax Law § 305(2) ("RPTL"), against Defendants Town of Scarsdale ("Town"), Village of Scarsdale ("Village"), and individual defendant Nanette J. Albanese ("Ms. Albanese"), who was the tax assessor for the Town and Village at the time of the incidents giving rise to this action and has been sued in her official capacity (collectively, "Defendants" and, exclusive of Ms. Albanese, the "Scarsdale Defendants"). Plaintiff alleges that real estate taxes were assessed against his property in violation of his equal protection rights (under the Fourteenth Amendment to the United States Constitution and Article I, Section 11 of the New York State Constitution), his due process rights (under the Fifth and Fourteenth Amendments to the United States Constitution), and the rights afforded to him by the New York Real Property Tax Law ("RPTL")

---

[1] Plaintiff is not a practicing attorney, but is a graduate of Stanford Law School. My conclusion that this action should be dismissed for lack of subject matter jurisdiction does not turn on whether Plaintiff's claims receive the liberal construction afforded to *pro se* litigants.

and Article XVI, Section 2 of the New York State Constitution. In addition to compensatory and punitive damages, Plaintiff's Amended Complaint seeks both declaratory and injunctive relief.

Defendants move to dismiss, arguing that Plaintiff's claims are barred by the Tax Injunction Act, 28 U.S.C. § 1341, and principles of comity, as well as the statute of limitations. The Defendants also claim that the Amended Complaint fails to state a due process claim or equal protection claim and that punitive damages may not be awarded against the Defendants as named in this action.

This matter comes before the undersigned pursuant to an Order of Reference for All Matters, dated April 22, 2009. (Docket entry # 8.) I heard oral argument on July 31, 2009. For the reasons set forth below, I respectfully report and recommend that defendants' motion to dismiss be GRANTED and this case DISMISSED.

**FACTS**

This action arises as a result of the taxes assessed against Plaintiff's property in Scarsdale, New York for years between 2006 through 2009. Plaintiff alleges that Defendant Albanese was "an overzealous assessor who took it upon herself to over-assess new developer constructed residences and to extend her power beyond real estate into intangible services, plans and ideas." (Pl. Mem. at 1.) Plaintiff further claims that the Defendants "took property from Plaintiff in violation of the law and without just compensation, not as a tax but as an illegal and unauthorized taking of private property, violated Plaintiff's right to equal protection of the law, and denied plaintiff due process of the law, all while violating other provision of state and federal law." (Pl. Mem. at 1.) Specifically, Plaintiff asserts that Ms. Albanese assessed Plaintiff's property "in excess of 105% of [its] fair market value based solely on [its] listing price and/or sale price, including the price paid for realtor commissions." (Am. Compl. ¶ 1.) Plaintiff

alleges that this method of assessment was unfairly used for those properties that had "new developer-built construction," while other types of properties were assessed by a different and less expensive method. (Pl. Mem. at 23; Am. Compl. ¶¶ 48, 139, and 145.) As a result, Plaintiff claims, he was "assessed and paid property taxes at a higher percentage of fair market value than owners of similarly situated properties and in excess of the percentage of fair market value permitted by the New York State Constitution." (Am. Compl. ¶ 1.) In addition, Plaintiff claims that "Defendants made several mistakes which had the effect of taxing in excess of the[ir] statutory authority," taxing "alleged improvements" which did not exist, "double-taxing Plaintiff for several years, assessing Plaintiff for non-assessable items differently than similarly situated taxpayers, and denying Plaintiff any redress under the law to recover what Defendants admitted amounted to excess assessment and taxation." (Am. Compl. ¶ 1.)

Based on these allegedly improper taxations and methods of assessment, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for violation of his Fifth and Fourteenth Amendment equal protection and due process rights. He also asserts claims pursuant to the New York State Constitution for violation of his equal protections rights, as well as claims pursuant to RPTL. Plaintiff commenced the instant action in March of 2009.

## JURISDICTION

This court has jurisdiction over equal protection and due process claims brought under the United States Constitution pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. However, for the reasons set forth below, this court has been divested of jurisdiction over Plaintiff's claims – which challenge local tax assessments – by the Tax Injunction Act and related principles of comity. Because this court does not have original jurisdiction over any of Plaintiff's federal claims, it cannot exercise jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(a);

3

Exxon Mobil Corporation v. Allapattah Services, Inc., 545 U.S. 546, 554-55 (2005); Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir. 1996).

**DISCUSSION**

**I.      Legal Standard**

When reviewing a complaint upon a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the court must accept as true all the complaint's well-pleaded factual allegations and should construe all ambiguities and draw all inferences in favor of the plaintiff. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Id. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

**II.     The Tax Injunction Act and Principles of Comity Bar Federal Review**

Defendants argue that all of Plaintiff's claims are barred by the Tax Injunction Act and principles of comity. The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. This statute, together with principles of comity, deprive a federal court of jurisdiction over state tax matters when adequate state remedies exist. See, e.g., Schulz v. Williamson, 145 Fed. Appx. 704, 705 (2d Cir. 2005); O'Connell v. Town of Farmington, 2004 WL 1698627 at *7-8, reconsideration denied, 2004 WL 1698629 (W.D.N.Y. 2004); Bernard v. Village of Spring Valley, 30 F.3d 294, 297-98 (2d Cir. 1994); Long Island Lighting Co. v. Town of Brookhaven,

4

889 F.2d 428, 431 (2d Cir. 1989)(hereinafter "LILCO"). The Tax Injunction Act applies to state, local and municipal taxes. Izzo v. City of Syracuse, 2000 WL 1222014 at *3, n.3 (N.D.N.Y. 2000), aff'd 11 Fed. Appx. 31 (2d Cir. 2001); VJG Realty Corp. v. City of New York, 1990 WL 80036 at *2 (S.D.N.Y. 1990); see also LILCO, 889 F.2d at 429 (Tax Injunction Act and principles of comity bar federal challenge to municipal taxes imposed by Town of Brookhaven).

In his Amended Complaint, Plaintiff seeks injunctive relief, declaratory relief, and damages (both compensatory and punitive), including, specifically, damages under 42 U.S.C. § 1983. As Defendants argue, the Tax Injunction Act bars federal injunctive challenges to state and local tax laws and assessment decisions in federal courts, prohibits a district court from issuing a declaratory judgment holding state tax laws unconstitutional, and bars federal courts from granting damages in state tax cases.[2]  See Fair Assessment in Real Estate Association v. McNary, 454 U.S. 100, 116 (1981); LILCO,[3] 889 F.2d at 431; Kraebel v. New York City Department of Housing Preservation, 959 F.2d 395, 400 (2d Cir.), cert. denied, 506 U.S. 917 (1992). Principles of comity bar the award of damages in federal court under 42 U.S.C. § 1983 for the alleged unconstitutional administration of tax systems. See South Salina Street, Inc. v. City of Syracuse, 566 F. Supp. 484, 490-93 (N.D.N.Y.), aff'd, 724 F.2d 26 (2d Cir. 1983); Fair

---

[2]  Even if Plaintiff's claims were not barred, his effort to recover punitive damages would fail because such damages may not be awarded against municipal corporations or officials sued in their official capacities. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 261 (1981)(municipal corporations); Brandon v. Holt, 469 U.S. 464, 471-73 (1985) (judgment against a public servant in her "official capacity" imposes liability on the entity she represents); Ivani Contracting Corp. v. City of New York, 103 F.3d 257, 263 (2d Cir.), cert. denied, 520 U.S. 1211 (1997). The only defendants named in this action are municipalities and an official sued in her official capacity. (Am. Compl. ¶¶ 3-4.)

[3]  Plaintiff seeks to distinguish LILCO as factually dissimilar to his case. (Opp. at 12-13.) However, LILCO makes clear that taxpayers are prevented from seeking damages in federal court through a § 1983 action if a "plain, adequate, and complete remedy" may be had in state court. 889 F.2d at 431. As hereinafter discussed, such a remedy was available to Plaintiff in state court.

Assessment, 454 U.S. at 113, 115-16; Bernard, 30 F.3d at 297-98; Sanzotta v. Williams, 1998 WL 274848 at *2 (N.D.N.Y. 1998); Kraebel, 959 F.2d at 400. This is true even where a plaintiff raises constitutional issues. See Fair Assessment, 454 U.S. at 105-06; American Commuters Association v. Levitt, 405 F.2d 1148 (2d Cir. 1969).

Plaintiff argues that the Tax Injunction Act and principles of comity do not apply to his claims because he does not seek to restrain the assessment of taxes. (Opp. at 8-12; Supp. Opp. at 3-4.) However, Plaintiff plainly seeks a federal court ruling on a local tax matter, making his suit precisely the type of suit the Tax Injunction Act prohibits as to both declaratory and injunctive relief.[4] The cases upon which Plaintiff relies do not suggest otherwise. See Schuler v. Board of Educ. of the Central Islip Union Free Sch. Dist., 2000 WL 134346 (E.D.N.Y. 2000)(distinguishing challenge to school tax scheme from claim that school district provided substandard education and allowing § 1983 action to go forward as to the second (but not the first) claim because the education claim did not "raise the possibility of a federal court interfering with a state tax system")(quoting Bernard, 30 F.3d at 297); Mom's v. Weber, 951 F. Supp. 92, 93 (E.D. Va. 1996)(Tax Injunction Act does not bar § 1983 action alleging unconstitutional search and seizures by state tax agents because it does involve "a [state] tax scheme regarding for example, property tax laws . . . or anything resembling a civil tax issue").

---

[4] Plaintiff also argues that the TIA does not apply because (1) the Village and Village Assessor have no power to assess taxes (making the "taxation" a seizure or Fifth Amendment "taking" rather than an issue of local tax law and assessment procedure), (2) no defendant was authorized to assess services, and (3) the lots assessed were never legally established. (Supp. Opp. at 1-3; July 31, 2009 oral argument of Plaintiff before the undersigned.) Each of these points is irrelevant to whether or not this Court retains jurisdiction over Plaintiff's claims and does not change the fact that Plaintiff "plainly seeks a federal-court ruling on a local tax matter." See Schuler v. Board of Educ. of the Central Islip Union Free Sch. Dist., 2000 WL 134346, at *2 (E.D.N.Y. 2000)(quoting Bernard, 30 F.3d at 297).

Plaintiff also argues that the state of New York has consented to federal jurisdiction. (Pl. Mem. at 11.) According to Plaintiff, a § 1983 claim is an exception to the "exclusive jurisdiction" of the New York state courts with regard to challenges to state or local tax laws and assessment practices. Plaintiff points to the fact that New York's RPTL § 700(1) states that "a proceeding to review an assessment of real property shall be brought as provided in this article **unless otherwise provided by law**" (emphasis added,) and argues that the fact that this statute was enacted in 1949 – twelve years after the enactment of the Tax Injunction Act – demonstrates that the state legislature intended to allow federal challenges to tax assessments. (Opp. at 11-12.) However, plaintiff has presented no authority for his interpretation, and it is well settled – long after the enactment of RPTL § 700 – that the Tax Injunction Act divests federal courts of jurisdiction of § 1983 actions challenging New York state or local tax laws and assessment practices unless state remedies are inadequate. See, e.g., LILCO, 889 F.2d at 431; Schuler, 2000 WL 134346, at *2; Bernard, 30 F.3d at 297-98; Schulz, 145 Fed. Appx. at 705.

Plaintiff argues next that, despite the Tax Injunction Act and principles of comity, jurisdiction is proper in this court because state remedies are not "plain, speedy, and efficient."[5] (Opp. at 13-17.) Although it is true that federal jurisdiction over challenges to state tax matters is not precluded if state remedies are inadequate, see Kraebel, 959 F.2d at 400, it is well-settled that "the remedies available in New York state courts are sufficient to protect [a taxpayer's] rights." Moore v. Trippe, 743 F. Supp. 201, 210 (S.D.N.Y. 1990). "Under New York law, the normal method for challenging the validity of real property assessments is through the

---

[5] Plaintiff alleges that the state remedies are not easily accessible to the public, do not provide sufficient amount of time in which to utilize them, are limited in their ability to allow a plaintiff to collect damages or other relief, are unduly burdensome in that their processes must be initiated yearly, are unreasonably complicated, and sufficiently expensive (when factoring in attorneys' fees) to make them effectively unavailable. (Opp. at 13-17; July 31, 2009 oral argument of Plaintiff before the undersigned.)

7

procedures in Article 7 of the Real Property Tax Law." 423 South Salina Street v. City of Syracuse, 566 F. Supp. 484, 491 (N.D.N.Y. 1983). New York law also provides a declaratory judgment procedure, as well as expedited review of official action through an Article 78 proceeding. See Izzo, 2000 WL 1222014, at *3; 423 South Salina Street, 566 F. Supp. at 492; Kraebel, 959 F.2d at 400; LILCO, 889 F.2d at 431. A claim alleging improper, selective treatment in the assessment of property taxes can also be raised in a § 1983 action in state court. See LILCO, 889 F.2d at 432. "The Second Circuit has determined that New York provides taxpayers with several remedies affording them the opportunity to raise all constitutional challenges thereto, and that access to the federal courts [to raise those constitutional challenges] is therefore barred by the [Tax Injunction] Act and the principles of comity." Sanzotta, 1998 WL 274848 at *2 (citing LILCO, 889 F.2d at 431 and Kraebel, 959 F.2d at 400).

In summary, the Tax Injunction Act and principles of comity bar injunctive and declaratory challenges to state tax laws and assessment practices as well as damages claims, including claims for damages made pursuant to § 1983. Accordingly, even accepting as true all of the Complaint's well-pleaded factual allegations and drawing all inferences in favor of Plaintiff, the Complaint must be dismissed for lack of jurisdiction.[6]

### III. State Claims

Plaintiff asserts that Defendants' tax and assessment policies also violate the RPTL and Article XVI, Section 2 of the New York State Constitution, and seeks money damages for these alleged violations. (Am. Compl. ¶¶ 192-205) Because this Court has been divested of original

---

[6] Because I conclude that this case should be dismissed for lack of subject matter jurisdiction, I do not reach Defendants' alternative contentions that Plaintiff's Amended Complaint should be dismissed because it is based upon "bald and unsupported conjecture," is barred by the statute of limitations, fails to state a due process claim, and fails to state an equal protection claim. (Mot. at 6, 13-25.)

8

jurisdiction over all of Plaintiff's federal claims, it does not have the authority to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(a); Exxon Mobil Corporation, 545 U.S. at 554-55 ("Before it can be concluded that [supplemental] jurisdiction [over additional parties] exists . . . a federal court must satisfy itself not only that Art[icle] III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence.")(alterations in original)(quoting Aldinger v. Howard, 427 U.S. 1, 18 (1976)); Nowak, 81 F.3d at 1188 ("[S]ince a court must have original jurisdiction in order to exercise supplemental jurisdiction, a dismissal pursuant to Rule 12(b)(1) precludes a district court from exercising supplemental jurisdiction over related state claims.").

Furthermore – even assuming arguendo that this Court could exercise supplemental jurisdiction over Plaintiff's state law claims – as was the case with plaintiff's federal claims, these claims may not be heard in federal court due to the Tax Injunction Act and related principles of comity. See 28 U.S.C. § 1341. Plaintiff argues that, even if his other claims are dismissed for lack of subject matter jurisdiction, this "Court would still have jurisdiction over [his] plea for mandamus relief requiring Defendants to assess upward all other similarly situated properties for realtor and warranty services" (Supp Opp. at 4) because "the [Tax Injunction Act] does not bar a court from all matters involving state taxes, only those that *restrain* their assessment, levy or collection." (Opp. at 12.)(emphasis in original). However, the manner in which Plaintiff tries to frame his requests for relief is irrelevant and does not change the fact that Plaintiff "plainly seeks a federal-court ruling on a local tax matter." See Schuler, 2000 WL 134346, at *2 (quoting Bernard, 30 F.3d at 297). Accordingly, the Tax Injunction Act and related principles of comity bar this Court from hearing even Plaintiff's mandamus claim.

**CONCLUSION**

For the foregoing reasons, I conclude – and respectfully recommend that Your Honor should conclude – that Defendant's Motion to Dismiss the Complaint should be GRANTED and the case DISMISSED.

**NOTICE**

Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(d), or a total of thirteen (13) working days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Robinson.

Dated:   October 16, 2009
         White Plains, New York

                                              Respectfully Submitted,

                                              _____
                                              Paul E. Davison
                                              United States Magistrate Judge
                                              Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

>The Honorable Stephen C. Robinson
>United States Courthouse
>300 Quarropas Street
>White Plains, New York  10601
>
>Steven L. Greenberg, *pro se*
>271 Fox Meadow Road
>Scarsdale, NY 10583
>
>Terry August Rice
>Rice & Amon
>Four Executive Blvd., Suite 100
>Suffern, NY 10901