UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN L. GREENBERG,

                Plaintiff,

v.

TOWN OF SCARSDALE, et al.,

                Defendants.

09 Civ. 2281 (RO)

**ORDER**

OWEN, District Judge:

*Pro se* Plaintiff Steven L. Greenberg (the "Plaintiff") brings this action against Defendants Town of Scarsdale (the "Town"), Village of Scarsdale (the "Village"), and an individual defendant Nanette J. Albanese ("Ms. Albanese"),[1] (collectively referred to as the "Defendants").

This action arises out of taxes assessed against Plaintiff's property in Scarsdale, New York from 2006 through 2009. Plaintiff essentially claims that his property was assessed in excess of its fair market value and that various mistakes and improprieties in assessment were made by Defendants. In his amended complaint, filed on April 3, 2009 (the "Complaint") Plaintiff alleges that real estate taxes were assessed against his property in violation of his equal protection rights under the Fourteenth Amendment to the United States Constitution and Article I, Section 11 of the New York State Constitution, his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution, and the rights afforded to him by the

---

[1] Nanette J. Albanese, who was sued in her official capacity, was the tax assessor for the Town of Scarsdale and the Village of Scarsdale at the time of the incidents giving rise to this action.

1

New York Real Property Tax Law ("RPTL") and Article XVI, Section 2 of the New York State Constitution. In doing so, pro se Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

**PROCEDURAL HISTORY**

Defendants originally moved to dismiss the complaint on April 24, 2009, on several bases. Defendants claimed that Plaintiff's claims were barred by the Tax Injunction Act, 28 U.S.C. § 1341, by principles of comity, and by the statue of limitations. Defendants further argued that Plaintiff had failed to state a due process or equal protection claim, and that punitive damages may not be awarded against the Defendants as named in this action.

By Order of Reference for all Matters, the matter came before Magistrate Judge Paul E. Davison. (Docket Entry No. 8.) Oral argument on the motion to dismiss was heard on July 31, 2009. On October 16, 2009, Judge Davison submitted to Judge Stephen C. Robinson a Report and Recommendation (the "Report"), in which Judge Davison recommended that Defendants' motion to dismiss be granted and the case be thereby dismissed. (Docket Entry No. 23) Plaintiff filed objections to the Report on November 10, 2009. Defendant responded to Plaintiff's objections on November 24, 2009.[2] (Docket Entry No. 30) On August 20, 2010, this matter was transferred from Judge Robinson to this Court. (Docket Entry No. 38.)

---

[2] By Decision & Order dated March 19, 2010 and April 6, 2010, (Docket Nos. 36 and 37), Magistrate Judge Davison disposed of Plaintiff's motion to strike Defendants' motion to dismiss, and Plaintiff's motion to file a second amended complaint.

2

## DISCUSSION

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. District courts review those orders under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A). In the event that a party files objections to the magistrate judge's recommendations, district courts conduct a *de novo* review of those matters to which a party filed an objection. *Id.* § 636(b)(1)(B), (C). *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).

The Report issued by Magistrate Judge Davison is well reasoned and adequately supported by law. This Court does have jurisdiction over equal protection and due process claims brought pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. However, the Tax Injunction Act, 28 U.S.C. § 1341, along with principles of comity, deprive federal courts of jurisdiction over state tax matters when adequate state remedies exist. Accordingly, the Court does not have jurisdiction over Plaintiff's federal claims, and it may not exercise jurisdiction over Plaintiff's state law claims.

As the Report explains, Plaintiff's claims under 42 U.S.C. § 1983 for injunctive relief, declaratory relief, and compensatory and punitive damages also must fail, due to the Tax Injunction Act and principles of comity. Because the Report concludes that Plaintiff's complaint should be dismissed on the grounds that it lacks subject matter jurisdiction, the Report rightly declines to reach Defendants' contentions that Plaintiff's complaint should be dismissed for other reasons, including but not limited to the fact that it is barred by the statue of limitations, fails to state a due process claim, and fails to state an equal protection claim.

Plaintiff's claims seeking money damages for violations of the RPTL and Article XVI, Section 2 of the New York State Constitution must also fail. The Court does not have original jurisdiction over Plaintiff's federal claims, and it lacks the authority to exercise supplemental jurisdiction over these state law claims.

## CONCLUSION

For the reasons explained above, the Court concurs with the Report and Recommendation of Magistrate Judge Davison, and hereby adopts it, in its entirety, as the Order of this Court. Accordingly, Defendants' Motion to Dismiss the Complaint is hereby GRANTED, and the case is hereby DISMISSED.

SO ORDERED.

March 23, 2011

_____
RICHARD OWEN
UNITED STATES DISTRICT JUDGE

4